BARTHOLOMEW GUIDA ET AL. *v.* BOARD OF EDUCATION OF THE CITY OF NEW HAVEN ET AL.

SUPERIOR COURT    NEW HAVEN COUNTY    FILE No. 104792
AT NEW HAVEN

■■■■■■■■■

■■■■■■■■■

Memorandum filed July 8, 1965

■■■■■■■■■■■■■■

■ ■■■■■■■■■■■

*Charles A. Watrous,* of New Haven, for the plaintiffs.

*A. Frederick Mignone,* corporation counsel, and *Joseph E. Bove,* assistant corporation counsel, for the defendants.

DEVLIN, J. In this action the plaintiffs, parents and taxpayers, seek to enjoin the board of education of the city of New Haven from carrying out certain provisions of a plan adopted by the board on July 7, 1964. The plan had been published on June 8, 1964, and was designated as "Proposals for promoting equality of educational opportunity and dealing with problems of racial imbalance." Several public hearings preceded the final action, and the report was vigorously defended and assailed. As a result, only a modified plan was adopted.

In effect, the part of the plan objected to paired the Sheridan Junior High School and the Bassett Junior High School into one attendance zone and then provided that all seventh grade pupils in the entire zone attend one school and all eighth grade pupils in the area attend the other. Since the Sheridan school served a predominantly white area and the Bassett school a predominantly colored one, bussing of some pupils was required, and as a result the racial imbalance in the area was equated to a certain extent.

Claim is made that such a change amounts to a discrimination against the children transported as well as against those not similarly transported, regardless of race, and that General Statutes § 10-15 prohibits such action. This statute simply provides that public schools shall be "open" to all children without discrimination as to race or color and is not determinative of the issue herein presented. The right to attend is recognized. The power to regulate is in dispute. The simple fact as to the plan adopted and here under attack is that it excludes no one from any school and has no tendency to foster or produce racial segregation. *Matter of Balaban* v. *Rubin*, 14 N.Y.2d 193, 199.

General Statutes § 10-220 defines the duties of boards of education. It provides that the boards shall give all children of each town as nearly equal advantages as may be practicable; shall determine the number, age and qualifications of pupils to be admitted into each school; shall designate the schools which shall be attended by the children within the town; and shall provide for their transportation whenever it is reasonable and desirable. Section 187 of the charter of the city of New Haven provides: "The board of education shall have the entire charge, control and management of all the public schools in the city . . . and shall possess all other powers and be subject to all other duties of boards of education . . . in this state . . . ."

While recognition is given of the extensive powers enjoyed by boards of education, claim is made that the problem of racial imbalance is one requiring legislative enactment and is beyond their power. The action here is described as an attempt to balance the races under the guise of an educational gambit. It is not a question of the board's acting arbitrarily or in abuse of its discretion, but rather one of illegal action.

The report dealt not only with the racial imbalance problem but also considered improvement in the overall quality of instruction possible, improvement of teaching materials, reduction of class sizes, overcrowding, and a complementing of the Sargent Plan in the construction of new schools. Under the law, the board had the duty of maintaining a sound educational system by furnishing suitable school facilities and equal educational opportunities. There is no constitutional prohibition on the board against taking into account, in addition to other relevant matters, the factor of racial imbalance. *Fuller* v. *Volk,* 230 F. Sup. 25 (D.N.J.). And the board need not "close its eyes to racial imbalance in its schools which, though fortuitous in origin, presents much the same disadvantages as are presented by segregated schools." *Morean* v. *Board of Education,* 42 N.J. 237, 243. This is true even where a very important factor in the adoption of the plan was the reduction of racial imbalance. *Matter of Addabbo* v. *Donovan,* 43 Misc. 2d 621 (N.Y.).

There is no doubt from a review of the evidence that a substantial factor influencing the decision was the desire to reduce to some extent the racial imbalance existing. Even so, a determination by the board which is otherwise lawful and reasonable does not become unlawful merely because the factor of racial imbalance is accorded relevance. *Matter of Strippoli* v. *Bickal,* 21 App. Div. 2d 365 (N.Y.).

The plaintiffs have not supported their claim of illegality by the more credible evidence and judgment may enter for defendants.